UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

   Plaintiff,

  v.                Civ. No. 2:19-cv-1085

MAVERICK MOSSBERG SHOTGUN, 12-GAUGE,
SERIAL NUMBER MV75318M,

SMITH & WESSON SHOTGUN, 12-GAUGE,
SERIAL NUMBER 6B6930,

MAK-90 SPORTER RIFLE, 7.62x39MM,
SERIAL NUMBER 94100540,

WESTERN FIELD RIFLE, .22 CALIBER,
SERIAL NUMBER SB838,

ONE (1) MAK-90 SPORTER MAGAZINE,

TWENTY-THREE (23) 12-GAUGE SHOTGUN
SHELLS,

  and

FIVE (5) 7.62 X 39MM ROUNDS,

   Defendants-in-rem.

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

Plaintiff, the United States of America, brings this complaint in accordance with Rule G(2) of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, and alleges as follows:

## NATURE OF THE ACTION

1) This is a civil action to forfeit and condemn to the use and benefit of the United States of America property involved in violations of the Controlled Substances Act and 18 U.S.C. § 1956 that is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(A).

## DEFENDANTS *IN REM*

2) The Defendants *in rem* consist of the following:

   a. Maverick Mossberg shotgun, 12-gauge, serial no. MV75318M,
   b. Smith & Wesson shotgun, 12-gauge, serial no. 6B6930,
   c. MAK-90 Sporter Rifle, 7.62x39mm, serial no. 94100540,
   d. Western Field Rifle, 22 caliber, serial no. SB838,
   e. One (1) MAK-90 Sporter magazine,
   f. Twenty-three (23) 12-gauge shotgun shells, and
   g. Five (5) 7.62x39mm rounds,
   (hereafter "Defendants").

3) The Defendants were seized by Homeland Security Investigations ("HSI") and the Drug Enforcement Administration ("DEA") on March 21, 2019, in the District of New Mexico.

4) The Defendants are now, and during the pendency of this action will be, in the jurisdiction of this Court.

## JURISDICTION AND VENUE

5) The United States District Court for the District of New Mexico has subject matter jurisdiction under 28 U.S.C. §§ 1345, 1355(a) and 1356.

6) Venue for this civil forfeiture action is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395, as acts or omissions giving rise to the forfeiture took place in this district and the property is found in this district. Upon the filing of this complaint, the Defendants will be arrested by execution of a Warrant for Arrest *In Rem* in the District of New Mexico.

7) On March 21, 2019, HSI and DEA special agents assigned to the Las Cruces Strike Force arrested Ralph and Arturo Vega. Agents also seized multiple kilograms of

methamphetamine and heroin, 301.3 grams of round light-blue pills (identified later by laboratory results to be fentanyl), one Smith and Wesson handgun,[1] and $5355.00 in United States currency.[2] Ralph and Arturo Vega were processed for federal prosecution and were both transferred to the custody of the Dona Ana Detention Center pending future court proceedings.

8) On March 28, 2019, HSI Special Agent ("SA") Carlos Martos reviewed the contents of a video recording which was provided by the Dona Ana Detention Center ("DADC"). The video recording memorialized a visitation from Hector Vega to Arturo Vega at DADC. While reviewing the video, SA Martos heard Hector Vega asking Arturo Vega about some firearms in the Spanish language. Arturo Vega responded to Hector Vega by stating they (the firearms) were hidden and that he (Arturo Vega) had turned over the one that was under his bed. Agents believe Arturo Vega was referring to the handgun which was seized from him on March 21, 2019. SA Martos translated the above conversation between Arturo and Hector Vega to the English language, as it had occurred originally in Spanish.

9) Later in the day, SAs Joe Montoya, Allan Russo, and Jorge Cerda drove to the Dona Ana Detention Center to interview Arturo Vega regarding the conversation he had with Hector Vega. During the interview, Arturo Vega told the agents that the firearms were hidden at a residence located on Rosewood Street in La Mesa, New Mexico. Arturo Vega showed the agents the exact location of the residence using Google Maps. Arturo Vega added that the firearms, which consisted of two shotguns, one rifle, and one AK-47 rifle, belonged to Ralph Vega. Lastly, Arturo

---

[1] Arturo Vega voluntarily relinquished all rights to this firearm as part of the plea agreement in his criminal proceeding. *See* ECF No. 32, Crim. No. 19-1331 KG (D.N.M.).

[2] Ralph Vega voluntarily relinquished all rights to this currency as part of the plea agreement in his criminal proceeding. *See* ECF No. 41, Crim. No. 19-1382 KG (D.N.M.).

Vega told the agents to locate an individual, at said residence, named Arturo Carrillo, and tell him to turn the firearms over to the agents.

10) At approximately 1500 hours, SAs Montoya, Cerda, Russo, and Martos drove to a residence located on 106 Rosewood Street in La Mesa, New Mexico. Agents met with two individuals living at the property, who they identified as Tomas Manuel Carrillo and Arturo Carrillo.

11) After a brief conversation, Arturo Carrillo told the agents that the firearms were located inside of the residence and directed the agents to the location of the firearms. Agents located two bundles in a storage room. Both bundles were wrapped in their own separate blanket. The agents removed the two bundles from the home and uncovered the items contained within. Contained within the two bundles, agents discovered two 12-gauge shotguns, one .22 caliber rifle, one MAK-90 sporter rifle with 1 magazine, 23 shotgun shells, and seven 7.62 caliber rounds.

### FIRST CLAIM FOR RELIEF

12) The United States incorporates by reference the allegations in paragraphs 1 through 11 as though fully set forth.

13) Title 21, United States Code, Section 881(a)(6) subjects to forfeiture "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

14) Defendants were furnished, or intended to be furnished, in exchange for a controlled substance, or constitute proceeds traceable to such an exchange, or were used or

4

intended to be used to facilitate a violation of the Controlled Substances Act and are thus subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

## SECOND CLAIM FOR RELIEF

15) The United States incorporates by reference the allegations in paragraphs 1 through 11 as though fully set forth.

16) Title 18, United States Code, Section 981(a)(1)(A) provides, in part, for the forfeiture of any property, real or personal, "involved in a transaction or attempted transaction in violation of section 1956, 1957, or 1960 of this title, or any property traceable to such property."

17) Title 18, United States Code, Section 1956(a)(1)(A)(i) prohibits any individual, "knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity," to use said proceeds to engage in a financial transaction "with the intent to promote the carrying on of [a] specified unlawful activity." Specified unlawful activity includes drug trafficking offenses under the Controlled Substances Act. *See* 18 U.S.C. § 1956(c)(7)(B)(i) (2018).

18) Defendants represent property acquired to promote the carrying on of drug trafficking activities, and therefore, are forfeitable as being "involved in a transaction or attempted transaction in violation of section 1956, or any property traceable to such property." 18 U.S.C. § 981(a)(1)(A) (2018).

WHEREFORE, Plaintiff seeks arrest of Defendants and forfeiture of same to Plaintiff, determination of the validity and priority of claims of the Claimants and any Unknown Claimants to Defendants, costs and expenses of seizure and of this proceeding, and other proper relief.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*/s/ Kristopher Dale Jarvis*

KRISTOPHER DALE JARVIS
STEPHEN R. KOTZ
Assistant United States Attorneys
200 N. Church St.
Las Cruces, NM 88001
(575) 522-2304

## 28 U.S.C. § 1746 Declaration

I am a Special Agent with the Federal Bureau of Investigation who has read the contents of the Complaint for Forfeiture *In Rem* to which this Declaration is attached; and the statements contained in the complaint are true to the best of my knowledge and belief.

I declare under penalty of perjury and the laws of the United States of America that this Declaration is true and correct, except as to matters stated on information and belief, and as to those matters, I believe them to be true.

Dated: 11/19/19

Jorge Cerda, Special Agent
Drug Enforcement Administration

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
Maverick Mossberg Shotgun, 12-Gauge, Serial Number MV75318M; Smith & Wesson Shotgun, 12-Gauge, Serial Number 6B6930; MAK-90 Sporter Rifle, 7.62x39mm, Serial Number 94100540; Western Field Rifle, .22 Caliber, Serial Number SB838; One (1) MAK-90 Sporter Magazine; Twenty-Three (23) 12-Gauge Shotgun Shells; and Five (5) 7.62 x 39mm Rounds.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kristopher Dale Jarvis, Assistant United States Attorney
200 N. Church Street, Las Cruces, NM 88001
575-522-2304

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | [X] 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation / ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) / ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** — **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(A)

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 11/20/2019

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____